UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNES YASSEIN,<br><br>                          Plaintiff,<br>v.<br><br>HENDERSON *et al.*,<br><br>                         Defendants. | Case No.: 21-CV-892-LL(WVG)<br><br>**ORDER DENYING MOTION TO AMEND SCHEDULING ORDER** |

On April 29, 2022, Defendants Henderson, Walton, and Fernandez ("Defendants") filed a Motion to Amend Scheduling Order ("Motion") seeking the Court's approval to continue the April 29, 2022 deadline for fact discovery by sixty days. (Doc. No. 45.) For the reasons set forth below, the Joint Motion is **DENIED without prejudice**.

In determining whether to modify a scheduling order the Court considers the "good cause" standard set out by Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)"). Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the

extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b). Finally, Civil Chamber Rule VII requires any party seeking continuances should seek approval "at the absolute earliest possible opportunity upon discovering the need for the continuance."

The Court finds Defendants have not made a diligent effort to conduct discovery within the Scheduling Order's deadlines and failed to comply with the Court's Civil Chamber Rules. Defendants did not file their Motion until April 29, 2022, the day of the fact discovery cut-off deadline. While the Court acknowledges Defendants' prior counsel's resignation and Defendants' new counsel's desires to complete a through review of the case file, Defendants' Motion did not establish good cause exists as the Motion failed to provide any details related to when Defendants' prior counsel resigned, when Defendants' new counsel was assigned to the case, the nature of the transition of the case file to Defendants' new attorney, or any other information explaining why Defendants' new counsel waited until the day of the fact discovery deadline to seek additional time from the Court. It also appears Defendants have been dilatory in conducting discovery in a manner that is not aligned with diligently litigating a suit towards resolution. The Motion states prior counsel attempted to obtain Plaintiff's availability for a deposition and propounded requests for documents in December of 2021. There is no indication that any subsequent efforts to conduct discovery occurred after December 2021. Defendants appear to have languished in their efforts to meet the April 29, 2022 deadline.

Additionally, the Court reiterates the importance of reading its Chamber Rules as Defendants also seem to have failed to abide by Chamber Rule IV's requirement to timely

raise a discovery dispute. The Motion states Defendants' request for production of documents were requested in December 2021 and Plaintiff still has not provided any documents. At least four months have passed since Defendants' document requests were propounded, well past the Court's thirty-day deadline to raise a discovery dispute.

The Court finds no good cause exists to amend the Scheduling Order as Defendants delayed until the last day of the fact discovery cut-off deadline to seek a continuance. The Defendants failed to comply with Chamber Rule VII and Defendants' Motion failed to provide in detail the efforts Defendants made to diligently work towards the April 29, 2022 deadline. The Court reaffirms the deadlines and due dates in its Scheduling Order and Defendants' Motion is **DENIED without prejudice.**

**IT IS SO ORDERED.**

DATED: May 2, 2022

Hon. William V. Gallo
United States Magistrate Judge